UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                                        2:06-cr-8-FtM-29SPC

JEREMY JEROME MOORE
_____

**OPINION AND ORDER**

On April 21, 2006, United States Magistrate Judge Sheri Polster Chappell submitted an Amended Report and Recommendation (Doc. #38) to the Court recommending that Defendant's Motion to Suppress (Doc. #19) be denied. Defendant filed his Objections on April 28, 2006. (Doc. #39.)

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest

S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

Defendant argues that the Report and Recommendation erred in finding defendant lacked standing to challenge the stop of the vehicle.  (Doc. #39, pp. 2-3).  It is undisputed that defendant Moore was a back seat passenger in a vehicle stopped by a law enforcement officer, and that Moore had no ownership or possessory interest in the vehicle.  The Report and Recommendation concludes that such a mere passenger lacks standing to challenge the traffic stop of the vehicle.  This conclusion was premised upon cases finding that a mere passenger lacks standing to challenge a search of the vehicle.  The Court declines to accept this recommendation.

A defendant may urge suppression of evidence obtained in violation of the Fourth Amendment only if his own Fourth Amendment rights were violated by the challenged search or seizure.  United States v. Padilla, 508 U.S. 77, 81 (1993); Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000).[1]  Neither party has cited any United States

---

[1] Although "standing" remains a convenient shorthand, since Rakas v. Illinois, 439 U.S. 128 (1978) the Court proceeds directly to the issue of the rights of a particular defendant under the
(continued...)

Supreme Court or Eleventh Circuit case holding that a mere passenger has standing to challenge the stop of a vehicle. However, the Florida Supreme Court has approved standing for such a passenger to challenge the stop of the vehicle. Nelson v. State, 578 So. 2d 694, 695 n.4 (Fla. 1991). See also Welch v. State, 741 So. 2d 1268, 1270 (Fla. 5th DCA 1999)(collecting cases). Additionally, at least one case from the Southern District of Florida, United States v. Lawson, 782 F. Supp. 1546, 1547 (S.D. Fla. 1992), has found that a passenger has standing to contest the stop of the vehicle even in the absence of standing to contest its search.  Further, at least six Circuit Courts of Appeal have found that a mere passenger has standing to challenge the stop of a vehicle even if he has no standing to challenge its search. United States v. Kimball, 25 F.3d 1, 5 (1st Cir. 1994); United States v. Rusher, 966 F.2d 868, 874 n.4 (4th Cir. 1992), cert. denied, 506 U.S. 926 (1992); United States v. Roberson, 6 F.3d 1088, 1091 (5th Cir. 1993), cert. denied 114 S. Ct. 1322 (1994); United States v. Brown, 102 F.3d 1390, 1395 n.3 (5th Cir. 1996); United States v. Powell, 929 F.2d 1190, 1195 (7th Cir. 1991); United States v. Portwood, 857 F.2d 1221, 1222 (8th Cir. 1988); United States v Erwin, 875 F.2d 268, 269-270 (10th Cir. 1989); United States v. Martinez, 983 F.2d 968, 974 (10th Cir. 1992); United States v.

---

[1](...continued)
Fourth Amendment. United States v. McBean, 861 F.2d 1570, 1573 (11th Cir. 1988).

Eylicio-Montoya, 70 F.3d 1158, 1164 (10th Cir. 1995). The Court concludes that defendant Moore has standing to challenge the stop of the vehicle. Therefore, this portion of the Report and Recommendation is rejected.

### III.

Despite finding that defendant did not have standing, the Report and Recommendation analyzed the lawfulness of the stop and concluded that the traffic stop and subsequent detention were valid. The Court agrees with these legal conclusions.

Defendant's argument that the stop of the vehicle was invalid (Doc. #30, p. 4) is without merit. Officer Candice Derrig stopped the vehicle because the tag light over the rear license plate was inoperative and because the window tinting appeared to be too dark. Probable cause to believe either of these traffic infractions were being committed in the officer's presence would justify the stop of the vehicle. Whren v. United States, 517 U.S. 806, 810 (1996).

Florida Statute § 316.610 makes it unlawful for any person to drive on any highway any vehicle which is not equipped with such lamps in proper condition as required by Chapter 316. Florida Statute § 316.221(2) provides: "Either a taillamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. Any taillamp or taillamps, together with any separate lamp or lamps for illuminating the rear registration plate, shall be so wired as to

be lighted whenever the headlamps or auxiliary driving lamps are lighted." The undisputed testimony established that: (1) the vehicle was being driven on a highway by Jeremy Kitchen shortly before 2 a.m.; (2) the vehicle's light over the rear license plate was not operative, and therefore was not in proper condition; (3) Officer Derrig was approximately 20 feet behind the vehicle and could tell that the light over the rear license plate was not operative; (4) when the officer turned off her headlights she could not see the tag illuminated by any light, including a taillight (Doc. #32, p. 6, 64). Officer Derrig clearly had probable cause to stop the vehicle because of the inoperative tag light and the failure to properly light the tag. Being able to read the tag because of the officer's headlights does not satisfy the statutes.

While defendant suggests that a reasonable officer would not stop a vehicle for such an infraction, this is both irrelevant and incorrect. Whren rejected an officer's motivation as being a relevant factor in determining whether the stop was lawful. Officer Derrig testified that she normally stops vehicles at night if the tag light is inoperative. (Doc. #32, p. 7). Additionally, a number of published Eleventh Circuit and Florida opinions have upheld traffic stops for driving with an inoperable tag light. United States v. Holloman, 113 F.3d 192 (11th Cir. 1997); Andrews v. State, 540 So. 2d 210 (Fla. 4th DCA 1989); State v. Fernandez, 526 So. 2d 192, 193 (Fla. 3rd DCA 1988); State v. Miller, 565 So.

2d 886 (Fla. 2d DCA 1990); Tackett v. State, 745 So. 2d 477 (Fla. 5th DCA 1999); Cole v. State, 838 So. 2d 1205 (Fla. 2d DCA 2003).

Additionally, Florida Statute § 316.2953 requires that the side window tinting must allow light transmittance at no less than 28 percent of the visible light range.  Here, Officer Derrig testified that she could not see through the vehicle at all, and could not even see silhouettes that are usually visible at night. (Doc. #32, p. 6).  This was sufficient to establish probable cause for a reasonable officer to believe there was a tint infraction occurring in her presence.  E.g., United States v. Weaver, 145 Fed. Appx. 639 (11th Cir. 2005).  Officer Derrig also testified that the vehicle windows were tested and shown to allow 4 percent light transmittance (Doc. #32, p. 11), and that she normally stops vehicles with too darkly tinted windows at night (Id. at 8).

Defendant argues that Officer Derrig should not be believed because she testified that the passenger side windows were up when she initially observed the vehicle pass by, but in fact she could not have observed illegally tinted windows before she stopped the vehicle.  Defendant asserts that her backup officer arrived 20-30 seconds after the vehicle was stopped, and he observed that the passenger side windows were down.  From this, defendant infers that the passenger side windows were down all the time, and thus Officer Derrig could not have seen this window tint infraction. (Doc. #39, pp. 4-5).  Officer Derrig testified, however, that when she went to the passenger's side of the vehicle she requested that the

passenger side windows be rolled down (Doc. #32, pp. 50-51, 61). No reasonable person would find the evidence supported a view that the officer had not seen the tinted windows as the vehicle passed her.

The Court finds that the undisputed testimony established that both traffic infractions were being committed in the presence of Officer Derrig, and that Officer Derrig had probable cause to conduct the traffic stop. Nothing about the testimony of Officer Derrig would support a finding that she was not credible, and the magistrate judge correctly found her testimony to be reliable. Therefore, the Court agrees with the Report and Recommendation that the stop did not violate the Fourth Amendment.

Defendant argues that the sole justification for the detention and subsequent seizure of the firearm was the alleged smell of marijuana coming from the vehicle, a claim which defendant asserts is not worthy of belief. From the time Officer Derrig got out of her vehicle to the time defendant was told to exit the vehicle was about five minutes. (Id. at 59-60). Two officers testified that they smelled marijuana coming from the vehicle, and both observed marijuana "shake" on defendant's shirt. This testimony was undisputed, and defendant's attempt to undermine the credibility of the officers was and is unsuccessful. The magistrate judge correctly resolved the credibility issues in favor of the officers.

Even without the smell of marijuana or observation of marijuana "shake," the officer properly directed that defendant get

-7-

out of the vehicle.  <u>Maryland v. Wilson</u>, 519 U.S. 408 (1997).  As defendant was getting out of the vehicle, both officers observed the firearm on which he had been sitting in plain view.  Nothing about the testimony of the officers would lead a reasonable person to believe their testimony was not credible, and there was no testimony to the contrary regarding the presence of the firearm.  These observations justified the seizure of defendant, the search of the vehicle, and the seizure of the firearm.

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact made by the magistrate judge.  While the Court rejects the recommendation regarding defendant's standing, the Court will adopt the remaining portions of the Report and Recommendation.  Defendant's motion to suppress will be denied.

Accordingly, it is now

**ORDERED**:

1.  The Magistrate Judge's Amended Report and Recommendation (Doc. #38) is rejected as to the standing issue and is **accepted and adopted** as to the other portions, which are specifically incorporated into this Opinion and Order.

2.  Defendant's Motion to Suppress (Doc. #19) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of May, 2006.

```
      /s/ John E. Steele
      _____
      JOHN E. STEELE
      United States District Judge
```